# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2009

Charles R. Fulbruge III
Clerk

No. 09-20048

EDNA JEAN MCDANIEL

Plaintiff-Appellant

v.

SHELL OIL CO

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC 4:07-CV-808

Before BARKSDALE, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

At issue is the summary judgment awarded Shell Oil against Edna Jean McDaniel's claims of sexual harassment and retaliation under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.001 *et seq.* (Vernon 2008); and intentional infliction of emotional distress (IIED) under Texas state law. AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

From 2003 to 2005, McDaniel's manager at Shell allegedly made sexually explicit comments to her. McDaniel did not report the alleged harassment to Shell's human resources department until 3 December 2005; only two days later, she filed a charge with the Equal Employment Opportunity Commission.

In September 2006 McDaniel was laterally transferred, as were other employees in her work group. McDaniel claims her new supervisor retaliated against her by increasing her workload, failing to support her, and giving her a negative performance evaluation in July 2007.

McDaniel filed her claims of sexual harassment, retaliation, and IIED in state court in 2007; the action was removed to district court. It granted summary judgment to Shell and dismissed the action, holding, *inter alia*: Shell successfully proved its *Faragher/Ellerth* affirmative defense to the sexual-harassment claim, *McDaniel v. Shell Oil Co.*, No. H-07-808, slip op. at 46 (S.D. Tex. 22 Dec. 2008); McDaniel failed to provide evidence showing a causal connection between her protected conduct and the alleged retaliatory acts, *id.* at 59; and, McDaniel's IIED claim failed because it was duplicative of the statutory remedies she sought, *id.* at 60.

II.

McDaniel raises three issues. She contends a genuine issue of material fact exists on whether she was aware of Shell's sexual-harassment policy, therefore precluding Shell's successful assertion of the *Faragher/Ellerth* defense. McDaniel next asserts she did not need to prove a causal connection between her protected activity and the alleged adverse employment actions to prevail on her retaliation claim; but, even if she did, the time period between her filing a charge and the alleged adverse employment actions was short enough for a jury to infer causation. Finally, McDaniel maintains her IIED claim is not barred because our court has allowed such claims where others were asserted.

A summary judgment is reviewed *de novo*, applying the same standards as the district court. *E.g., Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 497 F.3d 426, 428 (5th Cir. 2007). "Such judgment is proper when 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting FED. R. CIV. P. 56(c)); *see also*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

### A.

Under the Supreme Court's *Faragher* and *Ellerth* decisions, an employer has an affirmative defense to a hostile work environment sexual-harassment claim if (1) "the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior", and (2) the employee "unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise". *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 778 (1998).

Concerning Shell's policies regarding sexual harassment, McDaniel's claims fail. For example, McDaniel stated by affidavit: Shell failed to post notices of those policies on the bulletin board or the walls in her work area; and, she was unaware of those policies until after December 2005. We agree with the district court that, in the light of the evidence offered by Shell, this is insufficient to create a genuine issue of material fact. *See, e.g., Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986).

### B.

To establish a prima facie case of retaliation, McDaniel was required to show: (1) she engaged in protected activity, (2) an adverse employment action occurred, and (3) a causal connection existed between the protected activity and the adverse employment action. *E.g., McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007).

McDaniel concedes she has no evidence of a causal connection, other than the temporal proximity between the protected activity and alleged adverse employment actions. The "temporal proximity" to which she refers, however, is insufficient to create a genuine issue of material fact for this element. *See, e.g.*, *DeHart v. Baker Hughes Oilfield Operations, Inc.*, 214 F. App'x 437, 443 (5th Cir. 2007) (unpublished) (collecting cases on "temporal proximity"). In addition, McDaniel's contention that she need not prove a causal connection is foreclosed by our precedent. *See McCoy*, 492 F.3d at 556–57.

## C.

Finally, McDaniel contends the district court erred when it held her IIED claim was barred under Texas law. Having failed to raise this point in district court in opposition to summary judgment, McDaniel has waived this issue. *See Sw. Bell Tel. v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008).

## III.

For the foregoing reasons, the judgment is AFFIRMED.